**BALLON STOLL BADER & NADLER P.C.**
COUNSELLORS AT LAW          FOUNDED 1931

729 SEVENTH AVENUE
17TH FLOOR
NEW YORK, NY 10019-6831
Ph. 212.575.7900
www.ballonstoll.com

21 May 2020

**VIA E-MAIL**

Mezz57th LLC
36 East 57th Street
Mezzanine
New York, New York  10022

Attn: John Barrett

*Re: Engagement Letter – Reorganization*

Dear Client:

**Scope of Representation.** This engagement agreement (the "Agreement") confirms that Mezz 57th LLC (the "Client") has retained Ballon Stoll Bader & Nadler, P.C. ("BSBN") to represent the Client in the preparation, filing, and handling of a Chapter 11 reorganization with the bankruptcy court, together with appurtenant services thereto. (the "Services"). Please note that our representation will be subject to approval by the bankruptcy court.

Any new or expanded engagement beyond the Services will require an additional agreement, as this Agreement does not include any other actions, matters, transactions, appeals, or proceedings unless specifically stated in this Agreement. Similarly, the representation of any person or entity other than the Client, such as a parent, subsidiary, any direct or indirect affiliate of the Client, member, director, officer, spouse or other family member, will require an additional written agreement. Notably, the Services does not include any litigation that may arise out of the subject matter of the Services. Accordingly, this Agreement does not create any attorney-client relationship with any other persons, other than the Client.

**Basis of Fees.** BSBN's fees are typically based principally upon the time expended in performance of the representation, with telephone calls and travel time included in the computation of BSBN's time. Currently, BSBN's prevailing hourly rates range from approximately $565.00 per hour for a senior partner to $90.00 per hour for certain paralegals. BSBN's hourly rates are revised periodically, and BSBN reserves the right to revise said rates from time to time during the course of the representation. The Client(s) agree and acknowledge (i) that services may be performed, in BSBN's sole discretion, by attorneys and/or paralegals other than the attorney signing this Agreement and (ii) that each party comprising the Client (if more than one individual) are jointly and severally liable and responsible for any and all for any and all fees, disbursements, and expenses incurred in performing the Services. Further, unless specifically agreed to in a writing signed by BSBN and the Client, any fee or time estimate that BSBN may provide is not a commitment by BSBN to perform any services within a fixed time or for a fixed fee. Please further note that all fees incurred for the Services are subject to Bankruptcy Court approval. In order to obtain this approval, BSBN is required to make an application before the court, advising the court of the fees incurred, and seeking the Court's permission for the Client to pay the same.

**Initial Retainer.** BSBN shall require an initial retainer fee of $82,500.00 upon the execution of the Agreement ("Retainer Fee"), which shall be applied against our fees, disbursements, and expenses as they accrue, with the permission of the bankruptcy court. BSBN may require an additional retainer at any time, which will be applied in a manner consistent with this Agreement. Any unused portion of the Retainer Fee is fully refundable when the Services are complete, or our representation terminated.

**Regular Billing.** BSBN shall render statements to the Client on a regular basis describing briefly the Services performed and the fee charges for such Services, expenses and disbursements paid by BSBN on the Client's behalf, any amounts then outstanding shall be due upon the approval of said invoices by the bankruptcy court. The Client expressly agrees that these invoices may be submitted electronically via email only.

BALLON STOLL BADER & NADLER, P.C.
Engagement Agreement
Page 2 of 5

***Out of Pocket Expenses.*** The Client agrees that they will be responsible for out-of-pocket disbursements and expenses associated with the Services, some of which may require approval of the bankruptcy court. Out-of-pocket disbursements and expenses include, but are not limited to, electronic and paper filing costs, fees of courts, arbitration agencies, or other similar tribunals, outside data hosting and eDiscovery expenses, duplication or digitizing services, postage, calendar service, process servers, witness fees, facsimiles, overtime expenses, telephone calls, travel, parking, and photocopies made by BSBN or requested by the Client. Expenditures for court reporters, fees for experts and their reports, and fees for other outside professionals or consultants (such as actuaries, accountants, tax advisers, and appraisers) are the Client's responsibility. In the event that those services are billed directly to BSBN, the Client agrees that it is the Client's responsibility to promptly make payment to BSBN so that the invoice may be paid immediately, subject to bankruptcy court approval as may be required. BSBN will consult with the Client's prior to the retention of any significant consultant or anticipated significant expenditure, with BSBN reserving the right to require payment in advance of such disbursements and expenditures.

***Document Retention.*** BSBN's policy is to deliver to the Client, upon request and upon receipt of payment in full of all fees and expenses, documents and property the Client has provided the firm, as well as any documents and materials prepared as part of the representation. Notwithstanding this policy, the Client agrees that BSBN shall not be required to provide: its internal memoranda and records, attorney notes, drafts not intended for external distribution, and similar attorney work product. BSBN may also elect to retain a copy of the other portions of the file at its expense. BSBN will retain, pursuant to its record retention program, any files relating to matters that the Client do not ask to have returned. However, to avoid indefinite storage, BSBN reserves the right to dispose of any documents or other materials retained by it within a reasonable time after completing the engagement and in accordance with any applicable rules or laws.

***Electronically Stored Data & Paper Copies.*** Electronically stored data and paper documents are an important and irreplaceable source of discovery and/or evidence. This matter requires preservation of all paper documents and information from the Client's computer systems, removable electronic media, and other locations relating to this matter. This includes, but is not limited to, email and other electronic communication, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, and network access information. The Client must take every reasonable step to preserve this information until further notice. Failure to do so could result in extreme prejudice and penalties against the Client.

***Statement of Client's Rights.*** BSBN has attached the Statement of Client's Rights to this Agreement to the extent that such attachment is required by applicable laws, regulations, and rules.

***Nature of Relationship and Client's Responsibilities.*** The Client agrees and acknowledges that the attorney-client relationship is a privileged one and that BSBN's ability to represent the Client depends on the Client's willingness to communicate openly and completely. In rendering its professional judgments and guidance, BSBN shall rely upon the accuracy of the Client's communications. As such, the Client agrees to cooperate fully during the engagement by providing BSBN with all relevant information, as well as access to documents, knowledgeable persons, and other materials that may be germane to the engagement. While the Client is not obligated to accept BSBN's advice, it may be appropriate for BSBN to reconsider continuation of the representation if the Client does not follow BSBN's guidance and advice. Furthermore, if satisfactory financial arrangements cannot be made regarding ongoing services, BSBN may not wish to continue as counsel and reserves the right to terminate representation if invoices are more than 35 days past due. Transmitted herewith is the Statement of Client's Responsibilities, as adopted by the New York State Bar Association, which provides information to assist a client in understanding its responsibilities to its lawyers and to facilitate the relationship between a client and lawyer.

***Confidential Information.*** The Client may be assured that BSBN will protect confidential and privileged information communicated by the Client and will not disclose said information to anyone except as required by law consistent with our professional responsibilities.

***No Guarantees.*** The Client may depend upon BSBN to communicate openly and completely and to keep the Client informed of all activities. BSBN shall endeavor to perform its services in an efficient, economical, timely, and professional manner. BSBN has discussed all aspects of its assessment of the matter with the Client based upon the facts given to BSBN by the Client. The Client acknowledges that they know and understand the risks and hazards associated herewith, as well as the high cost of legal matters. Moreover, the Client further acknowledges that despite BSBN's best efforts on the Client's behalf, BSBN does not assure or guarantee any outcome.

BALLON STOLL BADER & NADLER, P.C.
Engagement Agreement
Page 3 of 5

*Potentially Adverse Representations or Conflicts of Interest; Advance Waiver.* BSBN represents and, in the future, will represent many other clients. Some may be direct competitors of the Client or otherwise may have business interests that are contrary to the Client's interests. It is even possible that, during the time BSBN is working for the Client, an existing or future client may seek to engage BSBN in connection with an actual or potential transaction or pending or potential litigation or other dispute resolution proceeding in which such client's interests are or potentially may become adverse to the Client's interests. For example, BSBN presently has a number of client relationships in the areas of private equity, retail, fashion, consumer products, and related industries.

BSBN cannot enter into this engagement if it will interfere with its ability to represent existing or future clients who develop relationships or interests potentially adverse to the Client. BSBN asks that the Client confirm, by executing this Agreement, that BSBN may continue to represent, or may undertake in the future to represent, any existing or future client in any matter (including, but not limited to, transactions, litigation or other dispute resolutions), even if the interests of that client in the other matter are directly adverse to BSBN's representation of the Client, as long as that other matter is not substantially related to the Services or BSBN's other engagements on behalf of the Client. In the event that BSBN undertakes representation of another client in a matter directly adverse to that of the Client, BSBN will ensure that lawyers or other service providers who have worked with the Client will not work for such other client, and BSBN will take appropriate measures to assure that proprietary or other confidential information of a non-public nature concerning the Client acquired by BSBN as a result of its representation of the Client will not be transmitted to those lawyers or others at BSBN involved in such matter.

Accordingly, the Client confirm, by executing this Agreement, that (1) it will not assert that any engagement that BSBN has undertaken or may undertake on behalf of the Client is a conflict of interest with respect to, or as a basis to preclude, challenge or otherwise disqualify BSBN from, any current or future representation of any client in any matter, including, without limitation, any representations in negotiations, transactions, counseling, or litigation adverse to the Client, as long as that other matter is not substantially related to any of BSBN's engagements on behalf of the Client, (2) the Client hereby waives any conflict of interest that exists or might be asserted to exist and any other basis that might be asserted to preclude, challenge, or otherwise disqualify BSBN in any representation of any other client with respect to any such matter, (3) the Client have been advised by BSBN, and have had the opportunity to consult with other counsel, with respect to the terms and conditions of these provisions and the prospective waiver, (4) the Client's consent to these provisions is both voluntary and fully informed, and (5) Client intends for its consent to be effective, fully enforceable, and relied upon by BSBN. Entering into this Agreement or otherwise instructing BSBN to act on this matter will constitute the Client's full and complete acceptance of the terms set out herein.

*Governing Law and Jurisdiction*. Each party hereto agrees that this Agreement has been entered into in the State of New York. The parties further each agree and consent that this Agreement and all claims, controversies, disagreements, causes of action, and/or claims for relief, whether in contract, tort or statute, that may be based upon, arise out of, or relate to this Agreement, or the negotiation, execution, or performance of this Agreement, including but not limited to, any claim or cause of action based upon, arising out of, or related to any representation or warranty made in or in connection with this Agreement or as an inducement to enter into this Agreement (collectively a "Dispute"), shall be governed by and construed according to the internal laws (statutory, regulatory, judicial, or otherwise) of the State of New York that would apply to agreements that are wholly performed within the State of New York by persons or entities residing therein, without giving effect to any laws (statutory, regulatory, judicial or otherwise) of the State of New York or international treaties (including, but not limited to, United Nations Convention on Contracts for the International Sale of Goods) that would cause the application of the laws (statutory, regulatory, judicial or otherwise) of any jurisdiction other than the internal laws (statutory, regulatory, judicial or otherwise) of the State of New York to apply to a Dispute.

BSBN also refers the Client to 22 NYCRR § 137 *et seq.*, which has established an Attorney-Client Fee Dispute Resolution Program to arbitrate certain legal fee disputes in certain instances. While BSBN does not anticipate that any disputes will arise requiring the use of this program, the Client is advised of its existence. Subject to any arbitration rights the Client may have under 22 NYCRR § 137 *et seq.*, BSBN and the Client irrevocably agree to submit to the exclusive jurisdiction of the New York State Courts located in the county of New York in the State of New York. BSBN and the Client further agree that in the event that an arbitration is commenced under 22 NYCRR § 137 *et seq.*, such arbitration shall be held in the in the county of New York in the State of New York. Further, the Client agrees that any dispute or claim (other than one to recover unpaid legal fees and expenses), whether arbitrable or not, arising out of our representation or the lawyer-client relationship will be brought within one year of the termination of the engagement or it will be barred.

BALLON STOLL BADER & NADLER, P.C.
Engagement Agreement
Page 4 of 5

*Integration.* Each party hereto acknowledges that no other party or any agent of any other party, or any person, firm, corporation, partnership, limited liability company, or any other entity has made any promise, representation or warranty, whether express, implied, or statutory, not contained or referred to herein, to induce the execution of this Agreement.

*Entire Agreement.* Except as expressly provided otherwise herein, this Agreement, including any addenda or exhibits attached hereto, contains the entire Agreement between the parties with respect to the subject matter hereof, supersedes all prior agreements, negotiations, and oral understandings or representations concerning the subject matter hereof.

*Amendments.* Except as otherwise provided hereunder, this Agreement may not be amended, supplemented, or modified in any way, except by an amendment in writing and signed by authorized representatives of the parties. Except as otherwise provided herein, no amendment will be effected by the acknowledgement or acceptance of a payment, invoice, or other form stipulating additional or different terms.

*Waivers.* The waiver of any one provision, or portion thereof, shall not be deemed or construed to be a waiver of any other provision herein. No waiver by any party of any default hereunder, whether intentional or not, shall be deemed to extend to any prior or subsequent default hereunder or affect in any way any rights arising by virtue of any prior or subsequent such occurrence. Any waiver may only be waived by a written instrument, signed by each of the parties describing such waiver.

*Counterparts.* This Agreement may be executed in counterparts by facsimile or electronic mail and, as so executed, shall constitute one agreement and shall be binding upon the parties hereto, notwithstanding that all parties who are signatories do not appear on the same signature page.

Kindly indicate each Client's understanding and acceptance of the above by counter-signing a copy of this Agreement where indicated and returning it to BSBN along with the requested initial retainer fee. Please note that until BSBN receives all of foregoing items, BSBN does not represent the Client and cannot perform the Services on the Client's behalf.

BSBN appreciates the opportunity to represent you and looks forward to a successful reorganization.

Very truly yours,

/s BSBN

BALLON STOLL BADER & NADLER, P.C.

**ACCEPTED, UNDERSTOOD AND AGREED:**

**MEZZ57TH LLC**

**By:**_____

_____, Its Managing Member

**DATE:** _____

## STATEMENT OF CLIENT'S RIGHTS

You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and personnel in your lawyer's office.

1. You are entitled to an attorney capable of handling your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to withdraw from the attorney-client relationship at any time (court approval may be required in some matters and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge).

2. You are entitled to your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest.

3. You are entitled to be charged a reasonable fee and to have your lawyer explain at the outset how the fee will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any fee arrangement that you find unsatisfactory.

4. You are entitled to have your questions and concerns addressed in a prompt manner and to have your telephone calls returned promptly.

5. You are entitled to be kept informed as to the status of your matter and to request and receive copies of papers. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter.

6. You are entitled to have your legitimate objectives respected by your attorney, including whether or not to settle your matter (court approval of a settlement is required in some litigation matters).

7. You have the right to privacy in your dealings with your lawyer and to have your secrets and confidences preserved to the extent permitted by law.

8. You are entitled to have your attorney conduct himself or herself ethically in accordance with the Code of Professional Responsibility.

9. You may not be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, age, national origin or disability.

10. If you and your attorney have a fee dispute, you may have a right to arbitrate as provided in Part 137 of the Rules of the Chief Administrator.

11. Upon a request for arbitration of a fee dispute by you or your attorney, your attorney will furnish you a set of forms to be completed and filed for such arbitration.

## STATEMENT OF CLIENT'S RESPONSIBILITIES

The New York State Bar Association has adopted the following information Statement of Client's Responsibilities to assist a client in understanding their responsibilities to their lawyers and to facilitate the relationship between a lawyer and his or her client. (See http://www.nycourts.gov/attorneys/clientsresponsibilities.shtml)

Reciprocal trust, courtesy and respect are the hallmarks of the attorney-client relationship. Within that relationship, the client looks to the attorney for expertise, education, sound judgment, protection, advocacy and representation. These expectations can be achieved only if the client fulfills the following responsibilities:

1. The client is expected to treat the lawyer and the lawyer's staff with courtesy and consideration.
2. The client's relationship with the lawyer should be one of complete candor and the client should apprise the lawyer of all facts or circumstances of the matter being handled by the lawyer even if the client believes that those facts may be detrimental to the client's cause or unflattering to the client.
3. The client must honor the fee arrangement as agreed to with the lawyer to the extent required by law.
4. All bills tendered to the client for services rendered pursuant to the agreed upon arrangement regarding fees and expenses should be paid when due.
5. A client who discharges the attorney and terminates the attorney-client relationship must nevertheless honor financial commitments under the agreed to arrangement regarding fees and expenses to the extent required by law.
6. Although the client should expect that his or her letters, telephone calls, emails, faxes and other communications to the lawyer will be answered within a reasonable time, the client should recognize that the lawyer has other clients who may be equally deserving of the lawyer's time and attention.
7. The client should maintain contact with the lawyer, promptly notify the lawyer of any change in telephone number, address, email, or other electronic contact information, and respond promptly to a request from the lawyer for information and cooperation.
8. The client must realize that the lawyer is required to respect only legitimate objectives of the client and that the lawyer will not advocate or propose positions that are unprofessional or contrary to law or the New York Rules of Professional Conduct.
9. The lawyer may decline to accept a matter of the lawyer has previous personal or professional commitments that will prohibit the lawyer from devoting adequate time to representing the client competently and diligently.
10. A lawyer is under no obligation to accept a client if the lawyer determines that the cause of the client is without merit, a conflict of interest would exist or a suitable working relationship with the client is not likely.

BALLON STOLL BADER & NADLER P.C.
COUNSELLORS AT LAW    FOUNDED 1931

729 SEVENTH AVENUE
17TH FLOOR
NEW YORK, NY 10019-6831
Ph. 212.575.7900
www.ballonstoll.com

21 May 2020

**VIA E-MAIL**

John Barrett, Inc.
333 W. 56th
New York, New York 10019

Attn: John Barrett

*Re: Engagement Letter – Reorganization*

Dear Client:

***Scope of Representation.*** This engagement agreement (the "Agreement") confirms that Mezz John Barrett, Inc. (the "Client") has retained Ballon Stoll Bader & Nadler, P.C. ("BSBN") to represent the Client in the preparation, filing, and handling of a Chapter 11 reorganization with the bankruptcy court, together with appurtenant services thereto. (the "Services"). Please note that our representation will be subject to approval by the bankruptcy court.

Any new or expanded engagement beyond the Services will require an additional agreement, as this Agreement does not include any other actions, matters, transactions, appeals, or proceedings unless specifically stated in this Agreement. Similarly, the representation of any person or entity other than the Client, such as a parent, subsidiary, any direct or indirect affiliate of the Client, member, director, officer, spouse or other family member, will require an additional written agreement. Notably, the Services does not include any litigation that may arise out of the subject matter of the Services. Accordingly, this Agreement does not create any attorney-client relationship with any other persons, other than the Client.

***Basis of Fees.*** BSBN's fees are typically based principally upon the time expended in performance of the representation, with telephone calls and travel time included in the computation of BSBN's time. Currently, BSBN's prevailing hourly rates range from approximately $565.00 per hour for a senior partner to $90.00 per hour for certain paralegals. BSBN's hourly rates are revised periodically, and BSBN reserves the right to revise said rates from time to time during the course of the representation. The Client(s) agree and acknowledge (i) that services may be performed, in BSBN's sole discretion, by attorneys and/or paralegals other than the attorney signing this Agreement and (ii) that each party comprising the Client (if more than one individual) are jointly and severally liable and responsible for any and all for any and all fees, disbursements, and expenses incurred in performing the Services. Further, unless specifically agreed to in a writing signed by BSBN and the Client, any fee or time estimate that BSBN may provide is not a commitment by BSBN to perform any services within a fixed time or for a fixed fee. Please further note that all fees incurred for the Services are subject to Bankruptcy Court approval. In order to obtain this approval, BSBN is required to make an application before the court, advising the court of the fees incurred, and seeking the Court's permission for the Client to pay the same.

***Initial Retainer.*** BSBN shall require an initial retainer fee of $25,000.00 upon the execution of the Agreement ("Retainer Fee"), which shall be applied against our fees, disbursements, and expenses as they accrue, with the permission of the bankruptcy court. BSBN may require an additional retainer at any time, which will be applied in a manner consistent with this Agreement. Any unused portion of the Retainer Fee is fully refundable when the Services are complete, or our representation terminated.

***Regular Billing.*** BSBN shall render statements to the Client on a regular basis describing briefly the Services performed and the fee charges for such Services, expenses and disbursements paid by BSBN on the Client's behalf, any amounts then outstanding shall be due upon the approval of said invoices by the bankruptcy court. The Client expressly agrees that these invoices may be submitted electronically via email only.

AFFILIATE OFFICES
Hackensack, NJ • Silicon Valley
Paris • Madrid • Stockholm
Beijing • Shanghai • Shenzhen • Chengdu • Hong Kong

BALLON STOLL BADER & NADLER, P.C.
Engagement Agreement
Page 2 of 5

*Out of Pocket Expenses.* The Client agrees that they will be responsible for out-of-pocket disbursements and expenses associated with the Services, some of which may require approval of the bankruptcy court. Out-of-pocket disbursements and expenses include, but are not limited to, electronic and paper filing costs, fees of courts, arbitration agencies, or other similar tribunals, outside data hosting and eDiscovery expenses, duplication or digitizing services, postage, calendar service, process servers, witness fees, facsimiles, overtime expenses, telephone calls, travel, parking, and photocopies made by BSBN or requested by the Client. Expenditures for court reporters, fees for experts and their reports, and fees for other outside professionals or consultants (such as actuaries, accountants, tax advisers, and appraisers) are the Client's responsibility. In the event that those services are billed directly to BSBN, the Client agrees that it is the Client's responsibility to promptly make payment to BSBN so that the invoice may be paid immediately, subject to bankruptcy court approval as may be required. BSBN will consult with the Client's prior to the retention of any significant consultant or anticipated significant expenditure, with BSBN reserving the right to require payment in advance of such disbursements and expenditures.

*Document Retention.* BSBN's policy is to deliver to the Client, upon request and upon receipt of payment in full of all fees and expenses, documents and property the Client has provided the firm, as well as any documents and materials prepared as part of the representation. Notwithstanding this policy, the Client agrees that BSBN shall not be required to provide: its internal memoranda and records, attorney notes, drafts not intended for external distribution, and similar attorney work product. BSBN may also elect to retain a copy of the other portions of the file at its expense. BSBN will retain, pursuant to its record retention program, any files relating to matters that the Client do not ask to have returned. However, to avoid indefinite storage, BSBN reserves the right to dispose of any documents or other materials retained by it within a reasonable time after completing the engagement and in accordance with any applicable rules or laws.

*Electronically Stored Data & Paper Copies.* Electronically stored data and paper documents are an important and irreplaceable source of discovery and/or evidence. This matter requires preservation of all paper documents and information from the Client's computer systems, removable electronic media, and other locations relating to this matter. This includes, but is not limited to, email and other electronic communication, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, and network access information. The Client must take every reasonable step to preserve this information until further notice. Failure to do so could result in extreme prejudice and penalties against the Client.

*Statement of Client's Rights.* BSBN has attached the Statement of Client's Rights to this Agreement to the extent that such attachment is required by applicable laws, regulations, and rules.

*Nature of Relationship and Client's Responsibilities.* The Client agrees and acknowledges that the attorney-client relationship is a privileged one and that BSBN's ability to represent the Client depends on the Client's willingness to communicate openly and completely. In rendering its professional judgments and guidance, BSBN shall rely upon the accuracy of the Client's communications. As such, the Client agrees to cooperate fully during the engagement by providing BSBN with all relevant information, as well as access to documents, knowledgeable persons, and other materials that may be germane to the engagement. While the Client is not obligated to accept BSBN's advice, it may be appropriate for BSBN to reconsider continuation of the representation if the Client does not follow BSBN's guidance and advice. Furthermore, if satisfactory financial arrangements cannot be made regarding ongoing services, BSBN may not wish to continue as counsel and reserves the right to terminate representation if invoices are more than 35 days past due. Transmitted herewith is the Statement of Client's Responsibilities, as adopted by the New York State Bar Association, which provides information to assist a client in understanding its responsibilities to its lawyers and to facilitate the relationship between a client and lawyer.

*Confidential Information.* The Client may be assured that BSBN will protect confidential and privileged information communicated by the Client and will not disclose said information to anyone except as required by law consistent with our professional responsibilities.

*No Guarantees.* The Client may depend upon BSBN to communicate openly and completely and to keep the Client informed of all activities. BSBN shall endeavor to perform its services in an efficient, economical, timely, and professional manner. BSBN has discussed all aspects of its assessment of the matter with the Client based upon the facts given to BSBN by the Client. The Client acknowledges that they know and understand the risks and hazards associated herewith, as well as the high cost of legal matters. Moreover, the Client further acknowledges that despite BSBN's best efforts on the Client's behalf, BSBN does not assure or guarantee any outcome.

Ballon Stoll Bader & Nadler, P.C.
Engagement Agreement
Page 3 of 5

***Potentially Adverse Representations or Conflicts of Interest; Advance Waiver.*** BSBN represents and, in the future, will represent many other clients. Some may be direct competitors of the Client or otherwise may have business interests that are contrary to the Client's interests. It is even possible that, during the time BSBN is working for the Client, an existing or future client may seek to engage BSBN in connection with an actual or potential transaction or pending or potential litigation or other dispute resolution proceeding in which such client's interests are or potentially may become adverse to the Client's interests. For example, BSBN presently has a number of client relationships in the areas of private equity, retail, fashion, consumer products, and related industries.

BSBN cannot enter into this engagement if it will interfere with its ability to represent existing or future clients who develop relationships or interests potentially adverse to the Client. BSBN asks that the Client confirm, by executing this Agreement, that BSBN may continue to represent, or may undertake in the future to represent, any existing or future client in any matter (including, but not limited to, transactions, litigation or other dispute resolutions), even if the interests of that client in the other matter are directly adverse to BSBN's representation of the Client, as long as that other matter is not substantially related to the Services or BSBN's other engagements on behalf of the Client. In the event that BSBN undertakes representation of another client in a matter directly adverse to that of the Client, BSBN will ensure that lawyers or other service providers who have worked with the Client will not work for such other client, and BSBN will take appropriate measures to assure that proprietary or other confidential information of a non-public nature concerning the Client acquired by BSBN as a result of its representation of the Client will not be transmitted to those lawyers or others at BSBN involved in such matter.

Accordingly, the Client confirm, by executing this Agreement, that (1) it will not assert that any engagement that BSBN has undertaken or may undertake on behalf of the Client is a conflict of interest with respect to, or as a basis to preclude, challenge or otherwise disqualify BSBN from, any current or future representation of any client in any matter, including, without limitation, any representations in negotiations, transactions, counseling, or litigation adverse to the Client, as long as that other matter is not substantially related to any of BSBN's engagements on behalf of the Client, (2) the Client hereby waives any conflict of interest that exists or might be asserted to exist and any other basis that might be asserted to preclude, challenge, or otherwise disqualify BSBN in any representation of any other client with respect to any such matter, (3) the Client have been advised by BSBN, and have had the opportunity to consult with other counsel, with respect to the terms and conditions of these provisions and the prospective waiver, (4) the Client's consent to these provisions is both voluntary and fully informed, and (5) Client intends for its consent to be effective, fully enforceable, and relied upon by BSBN.  Entering into this Agreement or otherwise instructing BSBN to act on this matter will constitute the Client's full and complete acceptance of the terms set out herein.

***Governing Law and Jurisdiction***.  Each party hereto agrees that this Agreement has been entered into in the State of New York. The parties further each agree and consent that this Agreement and all claims, controversies, disagreements, causes of action, and/or claims for relief, whether in contract, tort or statute, that may be based upon, arise out of, or relate to this Agreement, or the negotiation, execution, or performance of this Agreement, including but not limited to, any claim or cause of action based upon, arising out of, or related to any representation or warranty made in or in connection with this Agreement or as an inducement to enter into this Agreement (collectively a "Dispute"), shall be governed by and construed according to the internal laws (statutory, regulatory, judicial, or otherwise) of the State of New York that would apply to agreements that are wholly performed within the State of New York by persons or entities residing therein, without giving effect to any laws (statutory, regulatory, judicial or otherwise) of the State of New York or international treaties (including, but not limited to, United Nations Convention on Contracts for the International Sale of Goods) that would cause the application of the laws (statutory, regulatory, judicial or otherwise) of any jurisdiction other than the internal laws (statutory, regulatory, judicial or otherwise) of the State of New York to apply to a Dispute.

BSBN also refers the Client to 22 NYCRR § 137 *et seq.*, which has established an Attorney-Client Fee Dispute Resolution Program to arbitrate certain legal fee disputes in certain instances.  While BSBN does not anticipate that any disputes will arise requiring the use of this program, the Client is advised of its existence.  Subject to any arbitration rights the Client may have under 22 NYCRR § 137 *et seq.*, BSBN and the Client irrevocably agree to submit to the exclusive jurisdiction of the New York State Courts located in the county of New York in the State of New York.  BSBN and the Client further agree that in the event that an arbitration is commenced under 22 NYCRR § 137 *et seq.*, such arbitration shall be held in the in the county of New York in the State of New York.  Further, the Client agrees that any dispute or claim (other than one to recover unpaid legal fees and expenses), whether arbitrable or not, arising out of our representation or the lawyer-client relationship will be brought within one year of the termination of the engagement or it will be barred.

BALLON STOLL BADER & NADLER, P.C.
Engagement Agreement
Page 4 of 5

*Integration.* Each party hereto acknowledges that no other party or any agent of any other party, or any person, firm, corporation, partnership, limited liability company, or any other entity has made any promise, representation or warranty, whether express, implied, or statutory, not contained or referred to herein, to induce the execution of this Agreement.

*Entire Agreement.* Except as expressly provided otherwise herein, this Agreement, including any addenda or exhibits attached hereto, contains the entire Agreement between the parties with respect to the subject matter hereof, supersedes all prior agreements, negotiations, and oral understandings or representations concerning the subject matter hereof.

*Amendments.* Except as otherwise provided hereunder, this Agreement may not be amended, supplemented, or modified in any way, except by an amendment in writing and signed by authorized representatives of the parties. Except as otherwise provided herein, no amendment will be effected by the acknowledgement or acceptance of a payment, invoice, or other form stipulating additional or different terms.

*Waivers.* The waiver of any one provision, or portion thereof, shall not be deemed or construed to be a waiver of any other provision herein. No waiver by any party of any default hereunder, whether intentional or not, shall be deemed to extend to any prior or subsequent default hereunder or affect in any way any rights arising by virtue of any prior or subsequent such occurrence. Any waiver may only be waived by a written instrument, signed by each of the parties describing such waiver.

*Counterparts.* This Agreement may be executed in counterparts by facsimile or electronic mail and, as so executed, shall constitute one agreement and shall be binding upon the parties hereto, notwithstanding that all parties who are signatories do not appear on the same signature page.

Kindly indicate each Client's understanding and acceptance of the above by counter-signing a copy of this Agreement where indicated and returning it to BSBN along with the requested initial retainer fee. Please note that until BSBN receives all of foregoing items, BSBN does not represent the Client and cannot perform the Services on the Client's behalf.

BSBN appreciates the opportunity to represent you and looks forward to a successful reorganization.

Very truly yours,

/s/ BSBN

BALLON STOLL BADER & NADLER, P.C.

**ACCEPTED, UNDERSTOOD AND AGREED:**

**JOHN BARRETT, INC.**

By:_____

John Barrett, Its Sole Shareholder and President

DATE: _____

## STATEMENT OF CLIENT'S RIGHTS

You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and personnel in your lawyer's office.

1. You are entitled to an attorney capable of handling your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to withdraw from the attorney-client relationship at any time (court approval may be required in some matters and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge).

2. You are entitled to your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest.

3. You are entitled to be charged a reasonable fee and to have your lawyer explain at the outset how the fee will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any fee arrangement that you find unsatisfactory.

4. You are entitled to have your questions and concerns addressed in a prompt manner and to have your telephone calls returned promptly.

5. You are entitled to be kept informed as to the status of your matter and to request and receive copies of papers. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter.

6. You are entitled to have your legitimate objectives respected by your attorney, including whether or not to settle your matter (court approval of a settlement is required in some litigation matters).

7. You have the right to privacy in your dealings with your lawyer and to have your secrets and confidences preserved to the extent permitted by law.

8. You are entitled to have your attorney conduct himself or herself ethically in accordance with the Code of Professional Responsibility.

9. You may not be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, age, national origin or disability.

10. If you and your attorney have a fee dispute, you may have a right to arbitrate as provided in Part 137 of the Rules of the Chief Administrator.

11. Upon a request for arbitration of a fee dispute by you or your attorney, your attorney will furnish you a set of forms to be completed and filed for such arbitration.

## STATEMENT OF CLIENT'S RESPONSIBILITIES

The New York State Bar Association has adopted the following information Statement of Client's Responsibilities to assist a client in understanding their responsibilities to their lawyers and to facilitate the relationship between a lawyer and his or her client. (See http://www.nycourts.gov/attorneys/clientsresponsibilities.shtml)

Reciprocal trust, courtesy and respect are the hallmarks of the attorney-client relationship. Within that relationship, the client looks to the attorney for expertise, education, sound judgment, protection, advocacy and representation. These expectations can be achieved only if the client fulfills the following responsibilities:

1. The client is expected to treat the lawyer and the lawyer's staff with courtesy and consideration.
2. The client's relationship with the lawyer should be one of complete candor and the client should apprise the lawyer of all facts or circumstances of the matter being handled by the lawyer even if the client believes that those facts may be detrimental to the client's cause or unflattering to the client.
3. The client must honor the fee arrangement as agreed to with the lawyer to the extent required by law.
4. All bills tendered to the client for services rendered pursuant to the agreed upon arrangement regarding fees and expenses should be paid when due.
5. A client who discharges the attorney and terminates the attorney-client relationship must nevertheless honor financial commitments under the agreed to arrangement regarding fees and expenses to the extent required by law.
6. Although the client should expect that his or her letters, telephone calls, emails, faxes and other communications to the lawyer will be answered within a reasonable time, the client should recognize that the lawyer has other clients who may be equally deserving of the lawyer's time and attention.
7. The client should maintain contact with the lawyer, promptly notify the lawyer of any change in telephone number, address, email, or other electronic contact information, and respond promptly to a request from the lawyer for information and cooperation.
8. The client must realize that the lawyer is required to respect only legitimate objectives of the client and that the lawyer will not advocate or propose positions that are unprofessional or contrary to law or the New York Rules of Professional Conduct.
9. The lawyer may decline to accept a matter of the lawyer has previous personal or professional commitments that will prohibit the lawyer from devoting adequate time to representing the client competently and diligently.
10. A lawyer is under no obligation to accept a client if the lawyer determines that the cause of the client is without merit, a conflict of interest would exist or a suitable working relationship with the client is not likely.